

FILED
NOV 29 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERALYN PRECIADO,<br><br>        Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO; ROYALTY INVESTMENT PROPERTIES, LLC.,<br><br>        Defendant. | Case No.: 18cv677 BEN (BLM)<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

  Now before the Court is the motion of Defendant Royalty Investment Properties, LLC, to dismiss the Complaint. Royalty asserts, *inter alia*, that this Court lacks subject matter jurisdiction. The Court agrees.

  The *Rooker-Feldman* doctrine prevents a federal district court from having subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). As the Supreme Court has explained, this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and

1

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Even where, as here, a plaintiff frames her claim as a constitutional challenge, if she seeks what in substance would be appellate review of a state judgment, the action is barred by *Rooker-Feldman*. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 n.4 (9th Cir. 2003); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (affirming *Rooker-Feldman* dismissal of challenge to state foreclosure proceedings). To determine whether the *Rooker-Feldman* doctrine applies, a federal district court must assess whether the plaintiff is attempting to bring a "forbidden de facto appeal." *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). A case is a *de facto* appeal if "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *See id.* at 1164. If the case is a *de facto* appeal, the plaintiff is also barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1166). Issues presented are inextricably intertwined "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012).

Plaintiff was previously sued by Royalty in state court. In the state court case, summary judgment was granted to Royalty and against Plaintiff. Judgment granted entitlement to possession of the real property located at 24732 Rio Verde Drive, Ramona, California, and damages in the amount of $71,730. *See Royalty Investment Properties, LLC v. Preciado*, Case No. 37-2016-44320-CU-UD-CTL, Judgment (San Diego Sup. Ct. Mar. 28, 2018). On April 4, 2018, Plaintiff filed the federal action presently before this Court.

It is apparent that Plaintiff is asserting that the superior court committed errors in the state court case and that state law functioned to deprive her of federal constitutional rights, and that Plaintiff's civil rights were violated as a result.

As an initial matter, the *Rooker-Feldman* doctrine bars federal jurisdiction only where the federal suit is initiated after state-court proceedings have ended. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), *as amended on denial of reh'g*, 2005 WL 1692466 (9th Cir. July 21, 2005.) The Ninth Circuit has held, in an unpublished decision, that a lower state-court judgment was sufficiently final for *Rooker-Feldman* to bar a federal *de facto* appeal, even when the judgment was simultaneously being appealed in state court. *See Marciano v. White*, 431 F. App'x 611, 613 (9th Cir. 2011) ("The fact that Marciano filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions. To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court."). Here, the state court proceedings ended prior to the initiation of this federal action.

In this action, Plaintiff seeks as a remedy a declaratory judgment that the state court judgment (which awarded possession and damages to Royalty of the subject real estate) is null and void and an injunction from execution of any state court writ of possession. Complaint, at 12.

This case is precisely the kind of legal action meant to be barred from federal court. This is a *de facto* appeal because Plaintiff asserts as legal wrongs an allegedly erroneous decision by the state court and seeks relief from the state court judgment. *See Noel*, 341 F.3d at 1164. Additionally, Plaintiff's claims are inextricably intertwined with the *de facto* appeal because the Court "must hold that the state court was wrong in order to find in favor of the plaintiff." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are 'inextricably intertwined' with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do.").

18cv677 BEN (BLM)

The Court concludes that the *Rooker-Feldman* doctrine relieves this Court of subject matter jurisdiction over Plaintiff's claims. Accordingly, Royalty's motion to dismiss is granted *with prejudice*.

Plaintiff has also named the Superior Court of California a defendant. Federal Rule of Civil Procedure 4(m) requires service be made within 90 days. More than 270 days have passed without Plaintiff filing a proof of service on the Superior Court defendant. Therefore, in accordance with Federal Rules of Civil Procedure 1 and 4(m), on this Court's own motion, the action against the Superior Court of California is dismissed *without prejudice*.

Plaintiff's *ex parte* motion for a TRO is denied as moot.

The Clerk of Court may close the file.

IT IS SO ORDERED.

Dated: 11/29/2018

Hon. Roger T. Benitez
United States District Judge